UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,<br><br>        Plaintiff,<br><br>    v.<br><br>CAPONE BROS., INC. and CHARLES L. CAPONE,<br><br>        Defendants. | Civil Action No. 21-10585<br><br>April 8, 2021 |

## SECRETARY OF LABOR'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor (the "Secretary"), seeks to restrain Capone Bros., Inc. and Charles L. Capone from unlawfully retaliating against employees who assert their rights under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"). Defendants employed Nicole Hanson and other employees who communicated with, or were about to communicate with, the Secretary's representative in connection with the Secretary's investigation of Defendants under the FLSA. Defendants have sought to intimidate certain of those employees, including by: (1) threatening to "go after Nicole [Hanson];" (2) locating and calling Ms. Hanson's new employer and making false statements about her; and (3) forcing workers either to disclose being a Department of Labor informant or state that they worked fewer overtime hours than determined by the Secretary's investigation. Ms. Hanson feels threatened by Defendants' conduct and fears for her safety.

Pursuant to Rule 65 of the Federal Rules of Civil Procedure and Section 17 of the FLSA, 29 U.S.C. § 217, the Secretary respectfully moves this Court for: (1) a temporary restraining

1

order, to remain in effect until a hearing can be held, and (2) a preliminary injunction, to be issued after a hearing, each of which would restrain Defendants from continuing to violate Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), and require Defendants to provide notice to employees of their rights under the FLSA. In the accompanying memorandum, the Secretary establishes that a temporary restraining order and a preliminary injunction are necessary and appropriate in this case. The Secretary is likely to succeed on the merits of his retaliation claim, the balance of equities and public interest heavily favor an injunction, and the Secretary as well as Ms. Hanson and other employees will suffer irreparable harm unless Defendants are enjoined from continuing to retaliate against current and former employees who engage in activity protected by the FLSA.

The Secretary therefore respectfully requests from this Court a temporary restraining order to issue immediately and a preliminary injunction to issue after a hearing:

1. Enjoining and restraining Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with Defendants, from violating the provisions of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), by retaliating or discriminating against any current or former employee;

2. Requiring Defendants to permit a representative of the Secretary to read aloud, during employees' paid working hours, the statement attached as Exhibit B to all Defendants' employees, informing them of their right to speak with representatives of the Secretary and to file complaints regarding possible wage and hour violations, free from retaliation or threats of retaliation or intimidation by Defendants or their agents;

3. Requiring Defendants to post at each worksite a copy of the statement attached as Exhibit B, in any language that may be necessary for workers to effectively understand the statement, and provide each worker with a copy of the written statement in any language that may be necessary for workers to effectively understand the statement with his or her next paycheck;

4. Requiring Defendants to pay the Secretary's costs in bringing this motion; and

5. Ordering any other relief that the Court deems necessary and appropriate.

REQUEST FOR ORAL ARGUMENT

The Secretary is providing Defendants with notice of this Motion. An expedited hearing on the motion for a preliminary injunction is requested. Prior to the hearing, the Secretary respectfully requests that the Court issue as soon as possible an order temporarily restraining Defendants from violating Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), requiring Defendants to provide notice to employees of their rights under the FLSA, and ordering Defendants to show cause why a preliminary injunction should not enter.

Local Rule 7.1(a)(2) Certification

Defendants are not represented by legal counsel. Undersigned counsel conferred with Defendant Capone and attempted in good faith to resolve the issues.

| | |
|---|---|
| Post Office Address:<br><br>U.S. Department of Labor<br>Office of the Solicitor<br>John F. Kennedy Federal Building<br>Room E-375<br>Boston, MA 02203<br>TEL: (617) 565-2500<br>FAX: (617) 565-2142 | Elena S. Goldstein<br>Deputy Solicitor of Labor<br><br>Maia S. Fisher<br>Regional Solicitor<br><br>Mark A. Pedulla<br>Wage and Hour Counsel<br><br>/s/ Sheila A. Gholkar<br>Sheila A. Gholkar<br>Trial Attorney<br>Gholkar.sheila.a@dol.gov<br>MA BBO No. 687659<br><br>U.S. Department of Labor<br>Attorneys for Plaintiff<br><br>April 8, 2021 |

## CERTIFICATE OF SERVICE

      I certify that, on April 8, 2021, I caused a copy of Secretary of Labor's Motion for a Temporary Restraining Order and Preliminary Injunction to be served by mail on Defendants at the following addresses:

    Capone Bros., Inc.
    120 Cedar Street
    Canton, MA 02021

    Charles L. Capone
    216 Cocasset Street
    Foxboro, MA  02035

                                                /s/ Sheila A. Gholkar