UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,<br><br>         Plaintiff,<br><br>   v.<br><br>CAPONE BROS., INC. and CHARLES L. CAPONE,<br><br>         Defendants. | Civil Action No. 21-cv-10585-FDS |

## JOINT STATEMENT

The parties in this case submit their Joint Statement pursuant to Rules 16(b), 16(c) and 26(f) of the Federal Rules of Civil Procedure and Rule 16.1(d) of the Local Rules of the United States District Court for the District of Massachusetts.[1]

  a. *Trial by Magistrate Judge*. The parties do not consent to trial by a Magistrate Judge.

  b. *Agenda*. Other than review and discussion of the information set out in this Joint Statement, the parties do not have any other agenda items as contemplated by Local Rule 16.1(b)(1).

  c. *Settlement*. The Secretary initiated this case to seek and obtain a temporary restraining order and preliminary injunction preventing the Defendants from engaging in further retaliation in violation of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 215(a)(3). The

---

[1] The parties recognize that this filing was not made seven days before the scheduling conference, as required by Local Rule 16.1(d), and apologize for its untimeliness. The Court set the scheduling conference for May 13, 2021 in in a docket entry on April 22, 2021, (ECF No. 16), which was 21 days before the conference itself. Based on that timing, the parties could not have timely conferred under Local Rule 16.1(b). In addition, the Secretary has had a staffing change on this case that contributed to the failure to file this Joint Statement earlier.

Secretary's Complaint in this case is currently limited to retaliation-related allegations. However, the Secretary has been investigating the Defendants with respect to other potential violations of the FLSA, such as overtime violations. The Defendants have requested that the parties have a global settlement discussion regarding the Secretary's retaliation claim and any back wages or other damages that the Defendants may owe their employees as a result of any FLSA violations. The Secretary is in the final stages of completing his investigation of the Defendants and will be prepared to present to the Defendants a global demand and settlement offer in the coming weeks. Accordingly, the Secretary has not been able to make a global settlement proposal as required by Local Rule 16.1(c).

   d. *Discovery and Motion Practice Timetable*. The parties agree to and propose the following deadlines for discovery and motion practice:

   1. <u>Automatic Disclosures.</u> The parties propose serving the mandatory disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure no later than June 3, 2021.

   2. <u>Amendments to Pleadings.</u> The parties propose a deadline of June 25, 2021, for filing motions to amend any pleadings.

   3. <u>Fact Discovery—Topics and Final Deadline.</u> The parties propose that all discovery, other than expert discovery, will be completed by October 1, 2021. Written fact discovery will be served by July 1, 2021.  The parties propose that depositions conducted for fact discovery will be completed by October 1, 2021.

   <u>Plaintiff:</u>  The Secretary expects to propound discovery regarding his claim that Defendants retaliated against employees in violation of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3). This discovery will include, but not be limited to, the following topics: the Defendants' beliefs and knowledge regarding which of their employees were involved in the

Secretary's investigation; facts related to what Defendants said about going after former employee Nicole Hanson; what Defendants communicated to Nicole Hanson's subsequent employer; the purpose of those communications with Nicole Hanson's subsequent employer; Nicole Hanson's work and disciplinary history, if any, with Defendants; the circumstances surrounding Nicole Hanson separating from Defendants as an employee; Defendants' requests that employees disclose their communications with a representative of the Secretary; Defendants' requests that employees confirm that they worked fewer overtime hours than the Secretary determined in his investigation; and any actions Defendants took that would have dissuaded a reasonable employee from engaging in protected activity under the FLSA and the reasons for those actions.

      Defendants: The Defendants intend to provide discovery regarding its contention that it neither retaliated against any current or former employees that were involved in the Plaintiff's investigation nor knew of the identity of those former or current employees who were involved with the Plaintiff's investigation, excluding Ms. Hanson.

      In addition to the discovery automatically provided by the Plaintiff to the Defendants under the rules, the Defendants will seek discovery from the Plaintiff including, but not limited to, the following topics: the identity of any confidential informants associated with the Plaintiff's investigation; any statements attributed to any particular confidential informants; any promises, rewards, or inducements provided to any current or former employee of the Defendants by the Plaintiff; the source of any documentation provided by Plaintiff in support of its claims against the Defendants; and any inconsistent statements provided by any current or former employee made in the course of the Plaintiff's investigation.

      4.   Expert Discovery. The parties propose disclosing all testifying experts and serving all testifying expert reports to all other parties no later than August 6, 2021. The parties

propose that all expert discovery, including depositions, will be completed by October 22, 2021.

        5. <u>Dispositive Motions.</u> The parties propose that dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, will be filed by December 3, 2021, with the opposition due 21 days after such a motion is filed.

    e. *Documents and Electronically Stored Information; Productions.* The parties agree to the following procedures for the preservation, disclosure, production, and management of hard-copy documents and electronically stored information:

        1. The parties agree to conduct "reasonable searches" of the hard-copy and electronic files of the custodian(s) who are reasonably likely to have relevant, non-cumulative documents responsive to discovery request(s). With regard to the Secretary, "custodians" means the employees of the Wage and Hour Division's Boston District Office who have firsthand knowledge of the facts relevant to this case. The parties' reasonable searches will cover the time period from the beginning of the Wage and Hour Division's investigation of Defendants (February 10, 2018) through the date that the Wage and Hour Division referred this case to counsel for the Secretary (March 31, 2021), with the exception that the Secretary may seek discovery regarding Defendants' employment relationship with Nicole Hanson prior to the time the Wage and Hour Division began investigating Defendants. As regards Defendants, "custodians" means each current and former owner, officer, and management and/or supervisory employee of each Defendant that is reasonably likely to have relevant, non-cumulative documents responsive to discovery request(s).

        2. "Electronic files" means email, email attachments, and electronic documents stored or accessible on a computer or server, a shared drive, or a portable device. "Electronic files" does not include electronic information stored in backup systems or on backup tapes.

3. The parties agree to Bates-stamp the documents they produce to the extent possible.

4. If a party is preparing documents for production and there are multiple identical copies of a particular document, that party need only produce or log one copy of the document. If the opposing party wishes to receive or have identified all identical copies or versions of a particular document, that party can so notify the other party, and the parties will cooperate regarding that issue to the extent possible.

5. The parties agree to generally produce documents in searchable electronic format and on electronic storage media such as CDs, DVDs, or USB hard drives or, alternatively, via a secure File Transfer Protocol ("FTP") service.

6. The parties shall provide scanned PDF images of the responsive, non-privileged, and non-cumulative hard-copy documents and printed-out electronic documents (i.e., without metadata, if any) identified as a result of the reasonable search conducted. To the extent that electronic documents do not print easily (e.g., spreadsheets, video, or audio files), the parties may produce such files in native format (without metadata). Production format can be in a database-load-ready format or in PDF format. All documents produced, other than video or audio files, must be searchable, Bates-numbered if possible, and unitized at the document level—i.e., each PDF must represent a discrete document. PDF files should be named for the first Bates number of the document.

7. <u>Structured Database Systems.</u> For any database(s) or database materials provided in response to a document request, the parties shall produce all supporting data and information used or necessary to reasonably interpret and understand such database (including but not limited to keys, explanations of codes and abbreviations, and any other tools or explanations). If the database is based on a proprietary database engine, the parties shall identify

that engine. A party may demand a run-time version of any database engine. Responsive data from Structured Database Systems or intranet sites, including but not limited to Human Resource Information Systems, people management systems, client/customer management systems, and time management systems, intranet sites, or other websites maintained by Defendants, should be extracted and produced in a format that can be easily interpreted and used by the other party. If possible, such data should be produced in Excel format. If any such documents cannot be produced in Excel format, then those documents should be produced in a delimited text (for example, Comma-Separated Values) format with data field headers in the first row.

8. If a party obtains documents during discovery from a third party in response to a subpoena issued pursuant to Rule 45 of the Federal Rules of Civil Procedure, the party receiving the documents will provide a courtesy copy of any such non-privileged documents to the other party.

9. In the event that producing documents in response to a particular request creates unforeseen or unreasonable burden, the party experiencing the burden will notify the other party, and the parties will attempt to cooperate to minimize the burden before seeking relief from the Court. Any party shall have the right to request a meet-and-confer conference with any other party to discuss and identify appropriate technical resources and production options for responsive documents, or to discuss other issues involving the discovery process.

10. The parties will bear their own discovery costs, except to the extent such costs are associated with a motion to compel discovery under Rule 37 of the Federal Rules of Civil Procedure.

f. *Stipulation Regarding Claims of Privilege/Protection of Trial Preparation Materials*. The parties agree to the following procedures for minimizing the risk of waiver of privileges or work-product protection:

1. As regards privilege logs, the parties agree that the following items do not need to be logged: (a) documents created after April 8, 2021, the date on which the Complaint in this case was filed; (b) documents created by a party's counsel; (c) communications between a party and that party's counsel (or between the Wage and Hour Division and counsel for the Secretary) that do not involve a third party; (d) communications between two or more counsel within the office/firm representing a party; (e) intra-governmental communications; and (f) settlement-related communications.

2. The parties agree to take all reasonable steps to prevent the inadvertent disclosure of materials that are privileged or protected as trial preparation materials or by the work-product doctrine. Should such materials be inadvertently produced during discovery, such materials shall be handled pursuant to Rule 502(b) of the Federal Rules of Evidence and Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure. Each party agrees to return any such materials to the disclosing party, and to not retain any copies of such materials. The parties agree that such inadvertent disclosure will not constitute a general waiver of privilege or protection.

g. *Limits on Discovery.*

1. The parties agree to the discovery event limitations set forth in Local Rule 26.1(c)—i.e., 10 depositions, 25 interrogatories, 25 requests for admission, and 2 separate sets of requests for production. These limits apply collectively to all Defendants, such that the total written discovery requests by all Defendants shall not exceed the limits in Local Rule 26.1(c). For purposes of determining the number of interrogatories propounded, subparts of a basic interrogatory which are logical extensions of the basic interrogatory and seek only to obtain specified additional particularized information with respect to the basic interrogatory shall not be counted separately from the basic interrogatory.

2. The parties' responses to discovery requests shall be based on reasonable

searches by the parties' custodians, as defined above, for the time period from the beginning of the Wage and Hour Divisions investigation of Defendants (February 10, 2018) through the date that the Wage and Hour Division referred this case to counsel for the Secretary (March 31, 2021), with the exception that the Secretary may seek discovery regarding Defendants' employment relationship with Nicole Hanson occurred prior to the time the Wage and Hour Division began investigating Defendants. The Secretary only assents to depositions of the Secretary's custodians, as defined above.

    h.  *Protective Orders*. At this time, the parties do not request a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. The parties reserve the right to seek a protective order if circumstances requiring such an order arise during the course of this litigation.

    i.  *Alternative Dispute Resolution.* At this time, the parties do not request a referral for alternative dispute resolution pursuant to Local Rule 16.4.

    j.  *Certifications by the Parties.*

        1.  <u>Plaintiff's Certifications</u>:  Plaintiff affirms that he has conferred with his litigation counsel: (a) with a view to establish a budget for the costs of conducting the full course of litigation and various alternative courses of litigation; and (b) to consider the resolution of the ligation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4. The Secretary will file separately his signed certification under Local Rule 16.1(d)(3).

        2.  <u>Defendants' Certifications</u>:  Defendants affirm that they have conferred with their litigation counsel: (a) with a view to establish a budget for the costs of conducting the full course of litigation and various alternative courses of litigation; and (b) to consider the resolution of the ligation through the use of alternative dispute resolution programs such as those outlined

in Local Rule 16.4.

Respectfully submitted,

<table>
<tr><td>

Elena S. Goldstein
Acting Solicitor

Maia S. Fisher
Regional Solicitor

/s/ Mark A. Pedulla
Mark A. Pedulla
Wage and Hour Counsel
pedulla.mark.a@dol.gov
MA BBO No. 685925
617.565.2500
U.S. Department of Labor
Attorneys for Plaintiff

Date: May 11, 2021

</td><td>

/s/ Matthew L. Feeney
Matthew L. Feeney, Esq.,
BBO #660011
MURPHY, HESSE, TOOMEY &
LEHANE, LLP
300 Crown Colony Drive, Suite 410
Quincy, MA 02169
Telephone: (617) 479-5000
Facsimile: (617) 479-6469
mfeeney@mhtl.com

</td></tr>
</table>

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system on May 11, 2021 will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants on May 12, 2021.

/s/ Mark A. Pedulla
Mark A. Pedulla
Wage and Hour Counsel
pedulla.mark.a@dol.gov
MA BBO No. 685925

U.S. Department of Labor
Attorney for Plaintiff