UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:21-cv-10585 |
| v. | ) ) | |
| CAPONE BROS., INC. and CHARLES L. CAPONE, Defendants. | ) ) ) ) | |
| Defendant | ) ) ) | |

## **DEFENDANT'S ANSWER TO THE PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF**

The Defendants, Capone Bros., Inc. and Charles L. Capone ("Defendants"), by and through its undersigned attorney, hereby answers the Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor (the "Secretary") complaint which seeks to restrain the Defendants from allegedly retaliating against Nicole Hanson and other employees in violation of Section 15(a)(3) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 215(a)(3).

## **JURISDICTION AND VENUE**

1. Paragraph 1 draws a legal conclusion for which no response is required.

2. Paragraph 2 draws a legal conclusion for which no response is required.

## **FACTUAL ALLEGATIONS**

3. Paragraph 3 draws a legal conclusion to which no response is required.

4. Admitted.

5. Admitted.

6. Admitted.

7. Paragraph 7 draws a legal conclusion to which no response is required.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Admitted

15. Denied.

16. The Defendants lack the facts or information sufficient to admit or deny.

17. Denied.

18. Paragraph 18 draws a legal conclusion to which no response is required. To the extent that a response is required, denied.

19. Admitted.

20. Admitted in so much as Mr. Capone called Ms. Hanson's new employer; denied as to the substance of the call.

21. Paragraph 21 draws a legal conclusion to which no response is required. To the extent that a response is required, denied.

22. Denied in so much as Mr. Capone "located" Ms. Hanson's new employer; denied that Mr. Capone threatened to "go after" Ms. Hanson. The Defendants lack the facts or information sufficient to admit or deny Ms. Hanson's emotional state. To the extent a response is required, denied.

23. Denied.

24. Paragraph 24 draws a legal conclusion to which no response is required. To the extent that a response is required, denied.

### FIRST CAUSE OF ACTION

25. Paragraph 25 draws a legal conclusion to which no response is required.

26. Paragraph 26 draws a legal conclusion to which no response is required.

27. Denied.

28. Denied.

29. Paragraph 28 draws a legal conclusion to which no response is required. To the extent that a response is required, denied.

### PRAYER FOR RELIEF

The Plaintiff should not be entitled to any of the relief sought as it will be unable to sustain its burden under its Complaint. More specifically, the Defendants respond to the Plaintiff's Prayer for Relief in the following manner:

   a. Denied.

   b. Denied.

   c. Denied.

    d. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claim, in whole or in part, fails to state a claim upon which relief can be granted.

2. Some or all of the Plaintiff's claims are barred, in whole or in part, by release.

3. Some or all of the Plaintiff's claims are barred, in whole or in part, by waiver.

4. Some or all of Plaintiff's claims are barred, in whole or in part, because Plaintiff had completed its audit and has not demonstrated that the Defendants' alleged conduct caused it to sustain damages.

5. Some or all of Plaintiff's claims are barred, in whole or in part, because the Plaintiff has put forth no evidence that this Court has subject matter jurisdiction over the Defendants as an "enterprise engaged in commerce or in the production of goods for commerce" within the definition of 29 U.S.C. § 203(s)(1).

6. Some or all of Plaintiff's claims are barred, in whole or in part, because the Plaintiff has put forth no evidence that the Defendants had knowledge that the "other employees" had filed any complaint or instituted or caused to be instituted any proceeding under or related to an FLSA investigation, or have testified or is about to testify in any such FLSA proceeding under 29 U.S.C. § 215(a)(3).

7. Some or all of Plaintiff's claims are barred, in whole or in part, because the Plaintiff has put forth no evidence that the Defendants had knowledge that the "other employees" engaged in protected activity for purposes of a retaliation analysis under 29 U.S.C. § 215(a)(3).

8. Some or all of Plaintiff's claims are barred, in whole or in part, because the Plaintiff has put forth no evidence that the "other employees" suffered any adverse employment action for purposes of a retaliation analysis under 29 U.S.C. § 215(a)(3).

9. Some or all of Plaintiff's claims are barred, in whole or in part, because Ms. Hanson suffered no adverse employment action for purposes of a retaliation analysis under 29 U.S.C. § 215(a)(3).

10. The Plaintiff has failed to establish a legal or statutory basis for punitive damages.

11. The Plaintiff has failed to establish a legal or statutory basis for "awarding the Secretary all costs of this action."

## JURY DEMAND

The Defendants demand a trial by jury on all triable issues.

WHEREFORE, the Defendants requests that this Honorable Court:

(1) Enter Judgment in favor of the Defendants on the sole count of the Complaint;

(2) Award the Defendants their attorneys' fees and costs; and

(3) Award the Defendants such other relief as this Honorable Court may deem just and equitable.

          Respectfully Submitted by,

          CAPONE BROS., INC. and
          CHARLES L. CAPONE,

          /s/ Matthew L. Feeney
          Matthew L. Feeney, Esq., BBO #660011
          MURPHY, HESSE, TOOMEY & LEHANE, LLP
          300 Crown Colony Drive, Suite 410
          Quincy, MA 02169
          Telephone: (617) 479-5000
          Facsimile: (617) 479-6469
          mfeeney@mhtl.com
          Dated: May 19, 2021

## **CERTIFICATE OF SERVICE**

I, Matthew L. Feeney, hereby certify that this document filed through the CM/ECF system will be sent by e-mail to the following recipients:

Mark A. Pedulla, Esq.
U.S. Department of Labor
Office of the Solicitor
JFK Federal Building
15 New Sudbury Street
Boston, MA 02203
Telephone: (617) 565-2500
pedulla.mark.a@dol.gov

          /s/ Matthew L .Feeney
          Matthew L. Feeney, Esq.

Dated: May 19, 2021