UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> CAPONE BROS., INC. and CHARLES L. CAPONE, Defendants. <br><br> Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   Civil Action No. 1:-cv-21-10585 |

## **DEFENDANTS' MOTION TO COMPEL A DISCOVERY RESPONSE**

NOW COME the Defendants Capone Bros., Inc. and Mr. Charles L. Capone (referred jointly as the "Defendants" or "Capone"), in the above-referenced matter, and hereby moves this Honorable Court, pursuant to Fed. R. Civ. P. 37 and Local Rule 37.1, for an order compelling the Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor (the "Plaintiff" or "Secretary"), to fully answer the Defendants' specific Interrogatories as listed in Exhibit A and the specific Requests for Production of Documents as listed in Exhibit B.

To fulfill this request, the Defendants seek to compel the Plaintiff's production of unredacted copies of certain documents previously provided by the Plaintiff in the discovery process and as listed in Exhibit C. By way of the Plaintiff's discovery responses and stated positions during a Local Rule 37.1 Conference, Plaintiff has failed to provide unredacted copies of the Exhibit C documents through the assertion of various privileges. As a result, the Defendants are unable to adequately mount a defense, fully prepare for and participate in

depositions, and even possess the most basic information about Mr. Capone's alleged retaliation against certain "employees," such as the identity of the alleged victims, the substance of the alleged retaliation, and the time, place, or location of Mr. Capone's alleged retaliation.[1] Ultimately, the Plaintiff is utilizing the government informer's privilege to prohibit Capone from understanding the basis of the allegations against it and from preparing for pre-trial litigation.

IN SUPPORT THEREOF, Capone states as follows:

## INTRODUCTION

For the entirety of the litigation for this matter, Capone has been disadvantaged by not knowing the factual basis or the identities of those making claims of discrimination against it. During the preliminary injunction proceedings, Capone previously took aim that Plaintiff's bare-bone allegations of retaliation in its pleadings failed to "set forth minimal facts as to who did what to whom, when, where, and why." Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). However, at the time of the preliminary injunction, the wage and hour dispute and investigation was still a live issue, but that matter has been since resolved by a Consent Judgment signed on July 15, 2021. Unfortunately, this issue of the Plaintiff withholding critical information has continued into the discovery stage of litigation as the Plaintiff has failed to adequately respond to the factual circumstances of its retaliation claims against Capone, primarily by relying on the government informer's privilege.

The Plaintiff's hiding behind the government informer's privilege has created fundamental unfairness in that Capone is completely hindered in its ability to mount a legal defense against allegations by nameless alleged victims under factually undefined circumstances, to adequately

---

[1] The Defendants are aware that Nicole Hanson is an alleged victim.

2

1271559v1

participate in the discovery process, or even to make any good faith efforts to settle this matter. As a result a substantial need exists for the Defendants to receive the information and material sought.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     Overview of Lawsuit

Capone became involved in an investigation by the DOL-WHD on or about October 22, 2020.  On or about April 7, 2021, Sheila Gholkar, a trial attorney for the U.S. Department of Labor's Office of the Solicitor, informed Mr. Capone that her office would be filing for a temporary restraining order and preliminary injunction in this matter.  On April 8, 2021, Attorney Gholkar filed a "Motion for Temporary Restraining Order and Preliminary Injunction."

In its Complaint (1:21-cv-10585-FDS, Document 1, filed April 8, 2021) (Exhibit D), the Plaintiff asserted the following allegations of retaliation:

(1) threatening to "go after Nicole [Hanson];"

(2) locating and calling Ms. Hanson's new employer and making false statements about her; and

(3) forcing workers either to disclose being a Department of Labor informant or state that they worked fewer overtime hours than determined by the Secretary's investigation. Exhibit D.

A preliminary injunction issued against the Defendants, which ordered the Defendants to not violate 29 U.S.C. § 215(a)(3) (Exhibit E) and also required them to post a notice informing the Defendants' employees of their rights under the FLSA (Exhibit F).  Mr. Capone has complied with these requirements.

Separate and apart from this retaliation case, the Secretary and Capone settled the matters related to the wage and hour dispute (that were discussed in the Plaintiff's Complaint from April 8, 2021) in a separately pleaded Complaint (1:21-cv-11160, filed July 15, 2021) (Exhibit G). This second Complaint was resolved via Consent Judgment (Exhibit H), which was signed on July 15, 2021.

Mr. Capone has complied with the Consent Judgment and timely made the first required payment in good faith for past unpaid wages and liquidated damages.

B.      Discovery Dispute

On July 28, 2021, Capone served its First Set of Interrogatories ("Interrogatories") and its First Request for Production of Documents ("Request for Production") upon the Plaintiff. Capone's sought discovery, *inter alia*, involved the factual basis of the Plaintiff's claims for alleged retaliation against Nicole Hanson and unnamed "other workers" referred to in the Plaintiff's April 8th Complaint.  See Exhibit D ¶¶ 17, 22, 23.

Notwithstanding its allegations of retaliation, the Plaintiff failed to produce any corresponding responsive records in its Response to the Request for Production or informational responses in its First Set of Interrogatories that show the identity of the "other workers" or the factual basis of retaliation towards the "other workers." See Ex. C.

Further, although the Plaintiff provided information of Nicole Hanson's account of her feelings towards Mr. Capone, the Plaintiff did not provide the identity of the individual to whom Mr. Capone said that he would "go after" Ms. Hanson or the factual circumstances surrounding that conversation.  Additionally, the Plaintiff has refused to provide the substance of what Ms. Hanson's new employer told the Plaintiff about the phone call where Mr. Capone allegedly made false statements about Ms. Hanson. The substance of that conversation goes to the heart of the

4

allegation against Capone regarding Ms. Hanson and the Plaintiff has refused to share the new employer's version of what allegedly happened on that call.

In its September 2, 2021 responses to the Defendants Interrogatories and Requests for Production of Documents, the Plaintiff has justified their refusal to produce the requested information by invoking several privileges, most frequently the government informer's privilege. See Exhibit A and B.[2]  The Defendants do not challenge the Plaintiff's ability to assert these privileges.[3]  Rather, the Defendants believe that the Plaintiff's various privilege assertions has robbed it of its ability to defend this case and perform its discovery obligations. As such, the Defendants have a substantial need to receive redacted copies of the Exhibit C documents and that substantial need outweighs the Plaintiff's desire to protect the unredacted information through the assertion of any privilege.

At the conference to resolve this discovery dispute,[4] as required by the Local Rule 37.1 , Plaintiff's counsel  (Attorney Theresa Schneider Fromm) informed undersigned Defendants' counsel that the Plaintiff would continue to assert the government informer's privilege and would not provide the unredacted documents referenced in Exhibit C, despite the protections in place as a result of the preliminary injunction and the provisions required of Capone pursuant to the Consent Judgment.

---

[2] The Plaintiff has asserted other privileges such as attorney-client, attorney work product, deliberative process, investigative file, and personally identifiable privilege.
[3] That said, the Plaintiff does maintain the right to challenge the basis of these privileges through subsequent action.
[4] This conference was held via phone on September 15, 2021 at 3:30 PM. Present on the call were Attorneys Matthew L. Feeney, Brendan Collins, and Theresa Schneider Fromm. There were no agreements reached.

1271559v1

**II.    Argument**

   **A. Legal Standard**

Without doubt, the Plaintiff does have the ability "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law," with the purpose of the privilege being the "furtherance and protection of the public interest in effective law enforcement."   Rovario v. United States, 353 U.S. 53, 59, (1957).  Further, "[t]he informer's privilege has been rather uniformly applied in cases involving the Fair Labor Standards Act to protect the plaintiff from disclosing the names of its witnesses and copies of the witnesses' statements during discovery." Brock v. J.R. Sousa & Sons, Inc., 113 F.R.D. 545, 546 (D. Mass. 1986) (citing to Wirtz v. B.A.C. Steel Products, Inc., 312 F.2d 14 (4 Cir., 1963) where: "The only information which the defendants did not have, and the real purpose of their demand, was to find out which of the present and former employees had informed against them, and the tone and manner of their informing; whether it had been voluntarily or reluctantly given." Id. at 16).  That said, the informer's privilege is not absolute.

> A further limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way.  In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the action.  Roviaro, 353 U.S. at 60–61.

The Court in Roviaro called for a balancing test to address this issue that considers not only the "public interest in protecting the flow of information against the individual's right to prepare his defense" but also "taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Id at 62.

In the FLSA context, there must be, however, a demonstration of a substantial need to justify overriding the informant privilege.  "Unless the defendants can demonstrate a substantial need for a list of witnesses and statements of employees and witnesses at this stage of the proceedings as opposed to shortly before trial, the plaintiff's invocation of the privilege shall be sustained.  Brock, 113 F.R.D. 545, 547 (D. Mass. 1986).  At the same time, Brock acknowledges United States v. Hemphill by quoting from it that "…the policy favoring anonymity of informants must give way when it conflicts with the countervailing policy favoring fair and orderly trial and pretrial procedures."  369 F.2d 539, 542 (4 Cir., 1966).

> **B. Capone Has a Substantial Need for the Factual Basis of the Retaliation Claims Against Capone Which the Plaintiff Is Unfairly Withholding under the Government Informer's Privilege**

Although this matter is still in the discovery phase of litigation as opposed to the pre-trial stage, Capone has been tasked the nearly impossible burden of determining the basis for retaliation claims blind-folded and handcuffed.  Capone acknowledges that the Plaintiff has provided *some* information, in the form of interrogatory responses and produced documents, about the basis for its retaliation claims involving Ms. Hanson.  That said, incredulously, there has still been zero disclosures as to the who, what, when, and where of the vaguely phrased "other workers" who the Plaintiff alleges were retaliated against by Capone.  See Exhibit D, ¶ 23.  Beyond a conclusory statement that these "workers" were forced to "either to disclose being a Department of Labor informant or state that they worked fewer overtime hours than determined by the Secretary's investigation" there has been no factual context as to these allegations.  See Exhibit D.

There is a substantial need for more information for the following reasons.  First, Capone presently lacks any minimal facts regarding the "other workers" "as to who did what to whom,

7

when, where, and why." Educadores Puertorriquenos en Accion, 367 F.3d at 68. As counsel for Capone, without any of this factual background, discovery has been and will continue to be a guessing game until the Plaintiff provides some guidance on the factual context of this allegation against the "other workers." Further, presently there is no way to determine how to amount a defense against an indefinite number of alleged victims. The "other workers" could be two or ten – there is no way of guessing. Capone cannot create an adequate defense without knowing at least the factual basis for the retaliation claims against it.

Along with the impossible task of crafting a legal defense to a nameless set of alleged victims and undefined set of circumstances, the second reason why there is a substantial need is because the Plaintiff's hiding behind the informer's privilege is causing the litigatory process to be unduly burdensome for this matter. With no basis upon which to refer, Capone's legal defense is being forced to rely on guess-work for determining who to call from the "other workers" for deposition. This lack of information also overly restricts the potential efficacy of the deposition for any known relevant witness as the Defendants clearly lack crucial evidence that could be beneficial to the Defendants' examination. Attempting to represent the Defendants while lacking such crucial and basic information results in a kind of representation based on guess work that borders on malpractice. What is more, Capone is hindered in engaging in any meaningful settlement talks with the Plaintiff because Capone has no information on how many alleged victims are incapsulated in the "other workers," so it is difficult to even consider a reasonable figure to present to the Plaintiff for settlement.

Lastly, it is important to consider the nature and circumstances of the allegations in this case. This is not a mob or terrorism case. It is a civil enforcement action which alleges no violence or threats of violence. This is not stated to downplay the allegations in this case or the

impact that the alleged acts of the Defendants may have had on any alleged victim, but it is relevant, particularly in light of the protections provided by the Consent Judgment and Preliminary Injunction, in terms of balancing of the Defendants substantial need versus the Plaintiff's assertion of privilege(s).

The factual circumstances of this case also differ from Brock and the Wirtz case it cites. Unlike those cases where the courts found that the defendants' need for information was outweighed by maintaining the confidentiality of the informant's information given in a wage and hour dispute because either the defendant had access to almost all of the wage and hour information requested (see Wirtz, 312 F.2d at 16) or the defendant wanted to see completed DOL questionnaires, in order to test the validity of the survey given (see Brock, 113 F.R.D. at 547), Capone is in a much different, situation. For Capone, in this case, the wage and hour matter has been settled through a separate complaint and Consent Judgment. What remains is a highly subjective allegation of retaliation against unnamed workers without any factual basis for those allegations. Unlike the factual scenarios in Brock and Wirtz that involved wage and hour investigations in which the Court found that the Defendants had in their possession the requisite information to adequately pursue discovery and mount a vigorous defense, in this case, the Plaintiff possesses information and documentation that is substantially needed by the Defendants to defend themselves. Without knowing "who did what to whom, when, where, and why," that is possessed by the Plaintiff, a balancing of the equities should mandate the Plaintiff's compliance. Educadores Puertorriquenos en Accion, 367 F.3d at 68

Finally, in balancing the interests on behalf of the anonymity of the informants, Capone has already demonstrated his willingness to work with the Plaintiff to ensure that his past wage and hour issues have been resolved by signing a Consent Judgment, implementing new practices

9

and procedures to ensure that employees are properly employed, and by making payments to the DOL for those unpaid wages and liquidated damages. Additionally, Capone has also implemented the anti-retaliation protocols ordered by this Honorable Court pursuant to the preliminary injunction. Capone is not looking to take actions against its employee – it simply wants to be able to defend itself against a claim it vehemently denies and to be able to fairly avail itself of the discovery process without having to rely on guesswork.

### III.     Conclusion

For the aforementioned reasons, the Defendants ask this Honorable Court to compel the Plaintiff to provide unredacted copies of the documents as referenced in Exhibit C because the Defendants have demonstrated a substantial need that outweighs the Plaintiff's basis for its privilege assertions.

Respectfully Submitted
On behalf of the Defendants,

/s/ Matthew L. Feeney
Matthew L. Feeney, BBO # 660011
mfeeney@mhtl.com
Murphy, Hesse, Toomey & Lehane
300 Crown Colony Drive, Suite 410
Quincy, MA 02169
Telephone: (617) 479-5000
Facsimile:    (617) 479-6469

Certificate of Service

I, Matthew L. Feeney, hereby certify that, in addition to the filing of this motion in the ECF System, a copy of the Defendant's Motion to Amend the Scheduling Order was electronically mailed on September 17, 2021 to:

> Theresa Schneider Fromm
> Fromm.theresa@dol.gov
> BBO# 569240
> U.S. Department of Labor
> Office of the Solicitor
> John F. Kennedy Federal Building
> Room E-375
> Boston, MA
> Telephone: (617) 565-2500
> Facsimile: (617) 565-2142

/s/ Matthew L. Feeney
Matthew L. Feeney

Rule 37.1 Certification

I, Matthew L. Feeney, hereby certify that the provisions of Local Rule 37.1 have been complied with.

/s/ Matthew L. Feeney
Matthew L. Feeney