# EXHIBIT A

# EXHIBIT A

Interrogatory No. 1

**Please identify all Department of Labor informants who will be providing testimony in this matter.**

Response:

The Secretary objects to the interrogatory to the extent that it seeks information that is subject to the government deliberative process privilege, the government's informer privilege, the attorney-client privilege, the attorney work-product doctrine, the investigative file privilege, the common interest privilege, or any other applicable privilege or doctrine. The identities of the interviewed employees are specifically protected by the government informant's privilege, as is any information that would reveal their identities. The Secretary further objects to the interrogatory to the extent it requests information prematurely and that is outside the scope of what the Secretary is required to provide at this time with respect to potential witnesses in this case. The Secretary will make the required disclosures of witnesses at the appropriate time.

Interrogatory No. 3

**How did the Plaintiff determine that it would seek $150,000 in punitive damages in this case as stated in its 26(a)(l) Initial Disclosures?**

Response: The Secretary objects to the interrogatory to the extent that it seeks information that is subject to the government deliberative process privilege, the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine.

Subject to and without waiver of these objections and the General Objections above, the Secretary answers as follows: The Secretary states that, pursuant Rule 33(d) of the Federal Rules of Civil Procedure, non-privileged information responsive to this interrogatory and which shows the egregiousness of Charles Capone's alleged conduct justifying punitive damages may be found in the File, including, but not necessarily limited to, DOL000001-DOL000009 (narrative), DOL000010-DOL000012 (Hanson's April 2021 statement), DOL000018 (employee statement), DOL000019 (Hanson Declaration), DOL000020-DOL000021 (Charles Capone's statement, which contains inaccuracies), and DOL000078-DOL000083 (Hanson e-mail)

Interrogatory No. 4

**Pertaining to ¶ 28 of the Plaintiff's complaint, please identify the name of each Employee against whom the Defendants allegedly retaliated.**

Response:

The Secretary objects to the interrogatory to the extent that it seeks information that is subject to the government deliberative process privilege, the government's informer privilege, the attorney-client privilege, the attorney work-product doctrine, the investigative file privilege, the common interest privilege, or any other applicable privilege or doctrine. The identities of the interviewed employees are specifically protected by the government informant's privilege, as is any information that would reveal their identities.

Subject to and without waiver of these objections and the General Objections above, the Secretary answers as follows: The Secretary states that, pursuant Rule 33(d) of the Federal Rules of Civil Procedure, non-privileged information responsive to this interrogatory may be found in the File, including, but not necessarily limited to, DOL000029. In addition, as set forth in the

Complaint, the employees against whom Defendants alleged retaliated are those employees that Defendants asked either to disclose whether they were an informant in the Secretary's investigation or to state the number of overtime hours they worked were less than what the Secretary had determined in the investigation. Any such employees would be known to Defendants. That Defendant Capone asked employees to confirm they worked fewer hours than the Secretary determined is shown in the File, DOL000029-DOL000033 and DOL000090-DOL000094. The Secretary also incorporates his response to Interrogatory Number 5 below.

Interrogatory No. 5

**Pertaining to ¶ 28 of the Plaintiff's complaint, please describe the exact words, actions, or other means by which the Defendants allegedly retaliated against each Employee.**

Response:

The Secretary objects to the interrogatory to the extent that it seeks information that is subject to the government deliberative process privilege, the government's informer privilege, the attorney-client privilege, the attorney work-product doctrine, the investigative file privilege, the common interest privilege, or any other applicable privilege or doctrine. The identities of the interviewed employees are specifically protected by the government informant's privilege, as is any information that would reveal their identities.

Subject to and without waiver of these objections and the General Objections above, the Secretary answers as follows: Defendant Charles Capone questioned current employees about their involvement in the DOL investigation and asked them to confirm that they worked few overtime hours than the investigation determined they did. Defendant Capone's actions in these regards is shown in the File, DOL000029-DOL000033 and DOL000090-DOL000094. Charles

Capone documented in the far right column "confirmed with (employee name)" and due to the fact that no time records or Kiddie Sheets existed, there is no other reasonable explanation as to how Charles Capone came up with the revised number of OT hours. WHI Kruja asked what the source of his information was and he did not respond. He also provided a list of OT hours worked for two employees (Nicole Hanson and Joel Rudy) and this information had not been previously provided to DOL. The Secretary further states that, pursuant Rule 33(d) of the Federal Rules of Civil Procedure, non-privileged information responsive to this interrogatory may be found in the File, including, but not limited to DOL000001-DOL000009, DOL000010-DOL000012, DOL000018, DOL000019, and DOL000023-DOL000026.

Interrogatory No. 6

**Pertaining to ¶ 28 of the Plaintiff's complaint, please identify the time, date, and location in which the Defendants allegedly retaliated against each Employee.**

Response:

The Secretary objects to the interrogatory to the extent that it seeks information that is subject to the government deliberative process privilege, the government's informer privilege, the attorney-client privilege, the attorney work-product doctrine, the investigative file privilege, the common interest privilege, or any other applicable privilege or doctrine. The identities of the interviewed employees are specifically protected by the government informant's privilege, as is any information that would reveal their identities.

Subject to and without waiver of these objections and the General Objections above, the Secretary answers as follows: Based on when Charles Capone received the preliminary WH-56 forms from WHI Kruja on March 11, 2021 (DOL000069-DOL000071, DOL000072-

DOL000073, and DOL000074-DOL000075), his vacation from March 17-24, 2021

(DOL000042-DOL000048 and DOL000076-DOL000077), and e-mails from him (see, e.g.

DOL000076-DOL000077, DOL000084-DOL000085), it is believed that the retaliation occurred

on March 25, 2021 and March 26, 2021 at the Defendant's place of business in Canton, MA. The

Secretary further states that, pursuant Rule 33(d) of the Federal Rules of Civil Procedure, non-

privileged information responsive to this interrogatory may be found in the File, including, but

not limited to DOL000029-DOL000033, DOL000078-DOL000083, and DOL000090-

DOL000094.

Interrogatory No. 7

**Please identify any communications that the Plaintiff has had with any Employee during
the Time Period.**

Response:

The Secretary objects to the interrogatory to the extent that it seeks information that is subject to

the common interest privilege, government deliberative process privilege, the government's

informer privilege, the attorney-client privilege, the attorney work-product doctrine, the

investigative file privilege, or any other applicable privilege or doctrine. The identities of the

interviewed employees are specifically protected by the government informant's privilege, as is

any information that would reveal their identities.

Subject to and without waiver of these objections and the General Objections above, the

Secretary answers as follows: The Plaintiff had communications with Nicole Hanson and other

current and former employees. The Secretary further states that, pursuant Rule 33(d) of the

Federal Rules of Civil Procedure, non-privileged information responsive to this interrogatory

may be found in the File, including, but not limited to DOL000010-DOL000012, DOL000013,

DOL000014, DOL000015-DOL000017, DOL000058-DOL000064, DOL000065-DOL000066,

and DOL000067-DOL000068.

Interrogatory No. 8

**Please identify the "witness statements and other documents or information provided by witnesses" as stated in Plaintiff's 26(a)(l) Initial Disclosures.**

Response:

The Secretary objects to the interrogatory to the extent that it seeks information that is subject to the common interest privilege, government deliberative process privilege, the government's informer privilege, the attorney-client privilege, the attorney work-product doctrine, the investigative file privilege, or any other applicable privilege or doctrine. The identities of the interviewed employees are specifically protected by the government informant's privilege, as is any information that would reveal their identities.

Subject to and without waiver of these objections and the General Objections above, the Secretary answers as follows: The Secretary states that, pursuant Rule 33(d) of the Federal Rules of Civil Procedure, non-privileged information responsive to this interrogatory may be found in the File, including, but not necessarily limited to, DOL000010-DOL000014, DOL000018, DOL000019, DOL000023-DOL000026, DOL000058-DOL000064, DOL000065-DOL000066, and DOL000067-DOL000068.

Interrogatory No. 9

**Please identify any communications between the Plaintiff and Nicole Hanson.**

Response:

The Secretary objects to the interrogatory to the extent that it seeks information that is subject to the common interest privilege, government deliberative process privilege, the government's informer privilege, the attorney-client privilege, the attorney work-product doctrine, the investigative file privilege, or any other applicable privilege or doctrine.

Subject to and without waiver of these objections and the General Objections above, the Secretary answers as follows: The Secretary had many communications with Nicole Hanson. The Secretary further states that, pursuant Rule 33(d) of the Federal Rules of Civil Procedure, non-privileged information responsive to this interrogatory may be found in the File, including, but not necessarily limited to, DOL000010-DOL000012, DOL000013-DOL000014, DOL000015-DOL00016, and DOL000078-DOL000083.

Interrogatory No. 12

**Pertaining to ¶¶ 19, 20, 21, and 22 of the Plaintiff's complaint, if the answer to Interrogatory #11 is yes, when did the Plaintiff communicate with the "new employer" and what were the exact words that the "new employer" used to describe his alleged call with Charles Capone?**

Response:

The Secretary objects to the interrogatory to the extent that it seeks information that is subject to the common interest privilege, government deliberative process privilege, the government's informer privilege, the attorney-client privilege, the attorney work-product doctrine, the investigative file privilege, or any other applicable privilege or doctrine.

Subject to and without waiver of these objections and the General Objections above, the

Secretary answers as follows: The Secretary contacted Briarwood Construction on August 16,

2021 and spoke with Mike Todd, owner, and Paul Huckabey, Vice President of Estimating and

Project Manager. The content of that conversation is protected by the work-product doctrine.

Subject to and without waiving and protections that doctrine provides, the Secretary states that

Todd said Paul (Huckabey) had spoken with Charlie Capone. Huckabey said that someone else

at Capone Construction had given a good reference for Nicole Hanson. A week later, Charles

Capone called and said that he wouldn't hire her (Nicole Hanson) and told them to be careful.

Huckabey recalled that Charles Capone said Hanson was sneaky or something like that.

Interrogatory No. 15

**Pertaining to ¶ 17 of the Plaintiff's complaint, to who did Charles Capone allegedly make
the statement that he would "go after Nicole [Hanson]?"**

Response:

The Secretary objects to the interrogatory to the extent that it seeks information that is subject to

the common interest privilege, government deliberative process privilege, the government's

informer privilege, the attorney-client privilege, the attorney work-product doctrine, the

investigative file privilege, or any other applicable privilege or doctrine. The identities of the

interviewed employees are specifically protected by the government informant's privilege, as is

any information that would reveal their identities.

Interrogatory No. 16

**Pertaining to ¶ 17 of the Plaintiff's complaint, please identify the time, date, and location of when Charles Capone allegedly made the statement that he would "go after Nicole [Hanson].["]**

Response:

The Secretary objects to the interrogatory to the extent that it seeks information that is subject to the common interest privilege, government deliberative process privilege, the government's informer privilege, the attorney-client privilege, the attorney work-product doctrine, the investigative file privilege, or any other applicable privilege or doctrine. The identities of the interviewed employees are specifically protected by the government informant's privilege, as is any information that would reveal their identities.

Subject to and without waiver of these objections and the General Objections above, the Secretary answers as follows: It is believed that Charles Capone made the statement verbally on or about March 25 or March 26, 2021 in Canton. The Secretary further states that, pursuant Rule 33(d) of the Federal Rules of Civil Procedure, non-privileged information responsive to this interrogatory may be found in the File, including, but not necessarily limited to, DOL000078-DOL000083. The Secretary incorporates his response to Interrogatory Number 6.

Interrogatory No. 17

**Pertaining to ¶ 16 of the Plaintiff's complaint, please identify every employee who "provided information or statements about their wages and hours to the Secretary as part of his investigation of Defendants."**

Response:

The Secretary objects to the interrogatory to the extent that it seeks information that is subject to the common interest privilege, government deliberative process privilege, the government's informer privilege, the attorney-client privilege, the attorney work-product doctrine, the investigative file privilege, or any other applicable privilege or doctrine. The identities of the interviewed employees are specifically protected by the government informant's privilege, as is any information that would reveal their identities.

Interrogatory No. 21

**Please state the basis of the Plaintiff's claim that Charles Capone knew which Employees were participating in the Plaintiff's investigation into alleged FLSA violations committed by Charles Capone; Capone Bros., Inc.; American Earth Products, Inc.; and CAPCO Equipment Corp.**

Response:

The Secretary objects to the interrogatory to the extent that it seeks information that is subject to the common interest privilege, government deliberative process privilege, the government's informer privilege, the attorney-client privilege, the attorney work-product doctrine, the investigative file privilege, or any other applicable privilege or doctrine. The identities of the interviewed employees and employees who otherwise participated in the Secretary's investigation are specifically protected by the government informant's privilege, as is any information that would reveal their identities.

Subject to and without waiver of these objections and the General Objections above, the Secretary answers as follows: Charles Capone questioned employees about their involvement including asking employees if they had spoken to WHI Kruja. Employees told WHI Kruja

directly that Charles Capone questioned them about their involvement in the investigation. In addition, DOL000029, which is from Charles Capone, states that he "confirmed" the number of overtime hours worked with specific workers. Additionally, Charles Capone was made aware of the employees who were due back wages as shown on the preliminary Summary of Unpaid Wages (WH-56) provided to him via e-mail on 3/11/21 (DOL000069-DOL000071, DOL000072-DOL000073, and DOL000074-DOL000075), although those documents do not state or imply in any way who actually participated in the Secretary's investigation. The Secretary further states that, pursuant Rule 33(d) of the Federal Rules of Civil Procedure, non-privileged information responsive to this interrogatory may be found in the File, including, but not limited to, DOL000018.

Interrogatory No. 22

**What Employees did Charles Capone know were participating in the Plaintiff's investigation into alleged FLSA violations committed by Charles Capone; Capone Bros., Inc.; American Earth Products, Inc.; and CAPCO Equipment Corp.[?]**

Response: The Secretary objects to the interrogatory because it asks the Secretary to provide a definitive answer as to what knowledge Charles Capone has and the Secretary cannot state what is inside Capone's head. The Secretary can, however, infer Charles Capone's knowledge. The Secretary further objects to the interrogatory to the extent that it seeks information that is subject to the common interest privilege, government deliberative process privilege, the government's informer privilege, the attorney-client privilege, the attorney work-product doctrine, the investigative file privilege, or any other applicable privilege or doctrine. The identities of the interviewed employees are specifically protected by the government informant's privilege, as is any information that would reveal their identities.

1271518.v1

Subject to and without waiver of these objections and the General Objections above, the Secretary answers as follows: Defendant Charles Capone questioned current employees about their involvement in the DOL investigation and asked them to confirm that they worked few overtime hours than they actually did. The Secretary further states that, pursuant Rule 33(d) of the Federal Rules of Civil Procedure, non-privileged information responsive to this interrogatory may be found in the File, including, but not necessarily limited to, DOL000018, DOL000029, DOL000032, DOL000033, and DOL000062-DOL000063. The Secretary also incorporates his responses above to Interrogatory Numbers 4, 5, and 19.