# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> CAPONE BROS., INC. and CHARLES L. CAPONE, <br><br> Defendants. | Civil Action No. 21-10585 <br><br> April 8, 2021 <br><br> **Injunctive Relief Sought** |

## COMPLAINT

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor (the "Secretary"), brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), to restrain Defendants Capone Bros., Inc. and Charles L. Capone from retaliating against Nicole Hanson and other employees in violation of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3). Ms. Hanson and other employees engaged in protected activity when they communicated with, or were about to communicate with, the Secretary's representative in connection with the Secretary's investigation of Defendants under the FLSA. Defendants have sought to intimidate Ms. Hanson and other employees, including by: (1) threatening to "go after Nicole [Hanson];" (2) locating and calling Ms. Hanson's new employer and making false statements about her; and (3) forcing workers either to disclose being a Department of Labor informant or state that they worked fewer overtime hours than determined by the Secretary's investigation. Ms. Hanson feels threatened by Defendants' conduct and fears that Defendants will continue interfering with her employment.

1

The Secretary is authorized to seek injunctive relief to restrain violations of the FLSA. *See* 29 U.S.C. § 217. Because Defendants have been retaliating against employees, including Ms. Hanson, since they communicated with or were about to communicate with the Secretary, the Secretary seeks from this Court an order enjoining Defendants and those acting on their behalf from violating Section 15(a)(3) of the FLSA through any further intimidation, harassment, or other adverse action against employees as a result of the employees' protected activity. The Secretary also seeks punitive damages for Defendants' violations of the FLSA's anti-retaliation provision.

## JURISDICTION AND VENUE

1. This court has jurisdiction over this action pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in the United States District Court for the District of Massachusetts because a substantial part of the events giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

### Parties

3. Plaintiff Martin J. Walsh, Secretary of Labor, Department of Labor, is authorized to bring actions to restrain violations of the anti-retaliation provision and other provisions of the FLSA. *See* 29 U.S.C. §§ 211(a), 216(b), and 217.

4. Defendant Capone Bros., Inc. ("Capone Bros.") is a Massachusetts corporation with a principal office and place of business located at 120 Cedar Street, Canton, Massachusetts 02021. Capone Bros. is in the business of providing general construction services.

5.    Defendant Charles L. Capone is the president, treasurer, secretary, director, and owner of Capone Bros.

### Ms. Hanson's Work for Capone Bros.

6.    From approximately October 5, 2015 to January 17, 2020, Nicole Hanson worked for Capone Bros. as an office manager.

7.    Ms. Hanson was an employee during that time period, as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

8.    Ms. Hanson typically worked about 50 hours each week for Capone Bros.

9.    Defendants did not pay Ms. Hanson the overtime premium required by Section 7 of the FLSA, 29 U.S.C. § 207, for weeks in which she worked more than 40 hours.

10.   Each week, Ms. Hanson recorded her hours worked over 40 on a document known as a "kiddie sheet."

11.   Instead of paying Ms. Hanson an overtime premium when she worked hours over 40 in a week, Defendants logged these hours in a "kiddie bank."

12.   Ms. Hanson could use these banked hours at a later date for time off or sick days.

13.   Defendants paid Ms. Hanson for each overtime hour logged in the "kiddie bank" at a rate that was even less than her regular rate of pay.

### Defendants' Unlawful Retaliation

14.   On or about March 12, 2021, the Secretary presented Defendants and related entities with the amount of back wages they owe their employees, as determined by the Secretary in his investigation of Defendants under the FLSA.

15.   Defendant Capone believed that Ms. Hanson was in some way responsible for the Secretary's investigation of Defendants under the FLSA.

3

16. Ms. Hanson, as well as other employees, provided information or statements about their wages and hours to the Secretary as part of his investigation of Defendants.

17. On or about March 25, 2021, Defendant Capone stated that when the Secretary's investigation is over Capone would "go after Nicole [Hanson]."

18. Defendant Capone's threat to "go after" a former employee who Capone perceived to be responsible for the Department of Labor's investigation would dissuade a reasonable worker from engaging in protected activity under the FLSA.

19. On or about March 22, 2021, Ms. Hanson started a job with a new employer.

20. On or about March 26, 2021, approximately two weeks after Defendants learned of their back wage liability as determined by the Secretary's investigation, Ms. Hanson discovered that Defendant Capone called her new employer and told that employer, among other things, that Ms. Hanson was sneaky and a thief.

21. Defendant Capone's false accusations to the current employer of a former Capone Bros. employee who Capone perceived to be responsible for the Department of Labor's investigation would dissuade a reasonable worker from engaging in protected activity under the FLSA.

22. Because Defendants have located Ms. Hanson's new place of employment, called her new employer to make false allegations about her, and threatened to "go after" her, Ms. Hanson is deeply concerned that Defendants will continue harassing her and retaliating against her.

23. Defendant Capone has also asked other workers who are owed back wages as a result of the Secretary's investigation either to disclose being a Department of Labor informant

4

or to state that they worked fewer overtime hours than determined by the Secretary's investigation.

24. These requests by Defendant Capone would dissuade a reasonable worker from engaging in protected activity under the FLSA.

## FIRST CAUSE OF ACTION
### (Violation of the Anti-Retaliation Provision of the FLSA, 29 U.S.C. § 215(a)(3))

25. The Secretary incorporates by reference and re-alleges all foregoing allegations in the Complaint.

26. Section 15(a)(3) prohibits retaliation against employees and former employees because they assert their rights under the FLSA. The provision prohibits, among other things, "any person" from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter [8 of the FLSA], or has testified or is about to testify in any such proceeding." 29 U.S.C. § 215(a)(3).

27. Defendants have violated and continue to violate Section 15(a)(3) by retaliating against and intimidating employees, including Ms. Hanson, because they engaged in the protected activity of communicating with or being about to communicate with the Department of Labor in connection with the Secretary's investigation of Defendants under the FLSA.

28. Defendants' retaliatory conduct includes: (a) threatening to go after Ms. Hanson; (b) locating and calling Ms. Hanson's new employer and making false statements about her; and (c) asking employees either to disclose whether they were a Department of Labor informant or to state that the number of overtime hours they worked were fewer than what the Secretary's investigation had determined.

5

29. As a result of Defendants' actions, a reasonable employee would be dissuaded from engaging in activities protected under the FLSA, such as complaining about unpaid wages or cooperating with an investigation by the Secretary into violations of the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, cause having been shown, the Secretary respectfully prays that this Court enter judgment against Defendants and provide the following relief:

a. An order issued pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with Defendants, from violating the provisions of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3);

b. An order awarding punitive damages for Defendants' retaliation against Nicole Hanson and other employees in violation of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3);

c. An order awarding the Secretary all costs of this action; and

d. An order awarding the Secretary with any other relief that the Court deems necessary and appropriate.

Post Office Address:

U.S. Department of Labor
Office of the Solicitor
John F. Kennedy Federal Building
Room E-375
Boston, MA 02203
TEL: (617) 565-2500
FAX: (617) 565-2142

Elena S. Goldstein
Deputy Solicitor of Labor

Maia S. Fisher
Regional Solicitor

Mark A. Pedulla
Wage and Hour Counsel

/s/ Sheila A. Gholkar
Sheila A. Gholkar
Trial Attorney
Gholkar.sheila.a@dol.gov
MA BBO No. 687659

U.S. Department of Labor
Attorneys for Plaintiff

April 8, 2021

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,<br><br>                      Plaintiff,<br><br>v.<br><br>CAPONE BROS., INC. and CHARLES L. CAPONE,<br><br>                      Defendants. | Civil Action No. 21-10585<br><br>April 8, 2021 |

### DECLARATION OF JEAN M. KRUJA

I, Jean M. Kruja, declare pursuant to 28 U.S.C. § 1746 and under penalty of perjury that the following is true and correct:

1. I am employed as an Investigator in the Boston District Office of the Wage and Hour Division, United States Department of Labor.

2. As an Investigator, I investigate the wages, hours, and other conditions and practices of employment of employers and others subject to the various statutes that the Department of Labor enforces, including the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

3. In the course of my duties, I regularly review and transcribe information from employers' payroll records and records of hours worked, interview workers, and collect and review other relevant data.

4. In 2020, the Boston District Office began an investigation of Capone Bros., Inc. ("Capone Bros."). Capone Bros. is a construction business with a principal office located at 120 Cedar Street, Canton, Massachusetts 02021.

5. During the course of the investigation of Capone Bros. I gained personal knowledge of the following.

6. Nicole Hanson worked as an office manager for Capone Bros. from 2015 to 2020.

7. Ms. Hanson typically worked about 50 hours per week.

8. Capone Bros. did not pay Ms. Hanson the overtime premium required by the FLSA for weeks in which she worked more than 40 hours.

9. Each week, Ms. Hanson recorded her overtime hours on a document known as a "kiddie sheet."

10. Instead of paying Ms. Hanson an overtime premium when she worked hours over 40 in a week, Capone Bros. logged these hours in a "kiddie bank."

11. Ms. Hanson could use these banked hours at a later date for time off or sick days.

12. Capone Bros. paid Ms. Hanson for each overtime hour logged in the "kiddie bank" at a rate that was less than her regular rate of pay.

13. On or about March 12, 2021, I presented Defendants with their back wage liability as a result of my investigation. I found that Defendants and related entities owe approximately $88,015.86 in back wages to nineteen employees.

14. Ms. Hanson started a job with a new employer on or about March 22, 2021.

15. Approximately two weeks after I presented Defendants with their back wage liability, on or about March 25, 2021, Charles Capone stated that he believed that Ms. Hanson was in some way responsible for the Department of Labor's investigation.

16. Also on or about March 25, 2021, Mr. Capone stated that when the Department of Labor's investigation was over he would "go after Nicole [Hanson]."

17. The next day, on or about March 26, 2021, Mr. Capone called Ms. Hanson's new employer and said that Ms. Hanson was sneaky and a thief, and made other allegations about her.

18. Ms. Hanson stated that those allegations lodged by Mr. Capone with her new employer are false.

19. Ms. Hanson feels threatened by Mr. Capone's actions. She fears that he will continue contacting her current employer and making false allegations about her.

20. In late March 2021, Mr. Capone also asked other workers either: (a) whether an employee had talked with me during the investigation, or (b) to confirm for him that the number of overtime hours an employee worked were fewer than what I had determined in my investigation.

21. As part of my investigation, I interviewed and took statements from various employees about their wages and hours, including a number of statements from Ms. Hanson. I took those interview statements from employees in this case between October 28, 2020 and April 1, 2021.

22. Certain employees in this case have not given me statements about their wages and hours, though I have attempted to communicate with them. I believe that some of them may well

be owed back wages and I would be able to compute how much Defendants may owe them in back wages if those employees felt comfortable speaking with me.

Executed on this 8th day of April, 2021.

/s/ Jean M. Kruja[1]
Jean M. Kruja
Investigator
United States Department of Labor
Wage and Hour Division
John F. Kennedy Federal Building
15 New Sudbury Street, Room 525
Boston, MA 02203

---

[1] Counsel for the Secretary has retained a paper document bearing the original signature of Jean M. Kruja.

4

# EXHIBIT B

## Notice to Current and Former Employees

You are protected by a federal law called the Fair Labor Standards Act. Under that law, you have the right to speak freely with investigators or other officials from the United States Department of Labor. It is illegal for anyone to retaliate or discriminate against you in any way, including by terminating your employment, inflicting physical harm or verbal abuse on you, or threatening or coercing you in any way because you speak with or are about to speak with a representative of the United States Department of Labor. It is also unlawful for anyone to retaliate or discriminate against you because you cooperated in any way with a United States Department of Labor investigation or submitted a complaint about possible unlawful wage and hour practices.

The United States District Court for Massachusetts has ordered Capone Bros. Inc., Charles L. Capone and anyone acting on their behalf, to stop coercing, retaliating against, threatening to retaliate against, intimidating, harassing, or attempting to influence or in any way threaten employees for providing information to or cooperating with the United States Department of Labor or submitting complaints about possible unlawful wage and hour practices.

The Boston District Office of the Department of Labor's Wage and Hour Division is located at 15 New Sudbury Street, Room 525, Boston, MA 02203. You can contact the Boston District Office by telephone at (617) 624-6700 or toll-free at 1-866-487-9243 with any questions or concerns about these issues, including if you think you have been a victim of retaliation under the Fair Labor Standards Act or have not received the wages you are owed.