# EXHIBIT G

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARTIN J. WALSH, Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>CAPONE BROS., INC.; CAPCO EQUIPMENT<br>CORPORATION; AMERICAN EARTH<br>PRODUCTS; and CHARLES L. CAPONE,<br><br>Defendants. | Civil Action No. 21-cv-11160 |

## **COMPLAINT**

1. Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor (the "Secretary"), brings this action against Defendants Capone Bros., Inc.; Capco Equipment Corporation; American Earth Products; and Charles L. Capone (collectively, the "Defendants") because they failed to properly compensate their employees for all overtime hours worked and did not adequately and accurately record all hours their employees worked in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (the "FLSA").

2. The Secretary seeks to enjoin Defendants from violating Sections 7, 11, 15(a)(2), and 15(a)(5) of the FLSA, 29 U.S.C. §§ 207, 211, 215(a)(2), and 215(a)(5), and to recover the back wages that Defendants failed to pay to their employees, as well as liquidated damages, pursuant to Sections 15(a)(2), 16(c), and 17 of the FLSA, 29 U.S.C. §§ 215(a)(2), 216(c), and 217.

3. This Complaint covers the time period from February 10, 2018 to at least February 5, 2021.

1

## JURISDICTION AND VENUE

4. Jurisdiction of this action is conferred upon this Court by Section 17 of the FLSA, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

5. Venue is proper in the United States District Court for the District of Massachusetts because a substantial part of the events or omissions giving rise to the claims in this Complaint occurred in this judicial district.

## THE PARTIES

6. Plaintiff Martin J. Walsh, Secretary of Labor, Department of Labor, is vested with the authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages, and is the proper plaintiff for this action.

7. Defendant Capone Bros., Inc. ("Capone Bros.") is a Massachusetts corporation with a principal office and place of business located at 120 Cedar Street, Canton, Massachusetts 02021. Capone Bros. is in the business of providing general construction services.

5. Defendant Capco Equipment ("Capco") is a Massachusetts corporation with a principal office and place of business located at 120 Cedar Street, Canton, Massachusetts 02021. Capco is in the business of providing sewage and drainage work, as well as installing driveways.

6. Defendant American Earth Products, Inc. ("American Earth") is a Massachusetts corporation with a principal office and place of business located at 28 Marshall Street, Unit D, Canton, Massachusetts 02021. American Earth is in the business of performing grading and foundation work, selling dirt, gavel and mulch, transporting dumpsters, and operating a recycling plant.

7. Defendant Charles Capone is the president of Capone Bros., Capco, and American Earth and is responsible for their daily operations. For all three of these companies,

2

Charles Capone has the authority to and does set pay rates for employees, determine work schedules, assign workers to specific jobs, and implement the companies' system regarding overtime pay. Therefore, Charles Capone is and has been the employer of the Defendant companies' employees within the meaning of the FLSA. *See* 29 U.S.C. § 203(d).

## DEFENDANTS ARE AN ENTERPRISE ENGAGED IN COMMERCE

8. At all times covered by this Complaint, Defendants were an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), as they engaged in related activities performed through unified operation or common control for a common business purpose.

9. Defendants employed employees working in the activities of said enterprise, which was engaged in commerce or in the production of goods for commerce, including having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

10. Defendants' enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

11. Defendants' employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

## DEFENDANTS' WAGE AND HOUR PRACTICES

*Defendants Willfully Failed to Pay Employees the Required Overtime Premium*

12. Defendants failed to properly compensate approximately 19 employees for overtime hours worked. Specifically, Defendants failed to compensate those employees at one

3

and one-half times the regular rates at which those employees were employed for hours worked over 40 hours in a workweek.

13. Defendants' employees regularly worked more than 40 hours per week in workweeks covered by this Complaint.

14. For workweeks when employees worked more than 40 hours, Defendants banked those employees' overtime hours.

15. In some circumstances, Defendants paid employees their banked overtime hours in subsequent workweeks at rates that were less than one and one-half times the employees' regular rates of pay.

16. Defendants' overtime violations of the FLSA were knowing, deliberate, and/or intentional, or were done with reckless disregard for the statute.

*Defendants Failed to Maintain Records Required by the FLSA*

17. Defendants violated the FLSA by failing to make, keep, and preserve adequate and accurate records for employees.

18. Specifically, Defendants' records failed to show adequately and accurately, among other things, the hours worked by employees.

**COUNT ONE**

*Violations of Sections 7 & 15(a)(2) of the FLSA—Failure to Pay Overtime Premium*

19. The Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

20. Defendants have willfully violated the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying the employees listed in Exhibit A the required overtime premium for all overtime hours worked. Defendants employed employees for

workweeks longer than 40 hours without compensating them at rates not less than one and one-half times the regular rates at which they were employed for all hours worked in excess of 40 hours in such workweeks.

21. Therefore, Defendants are liable for overtime compensation owed to the employees listed in the attached Exhibit A, and an equal amount of liquidated damages, under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

## COUNT TWO

*Violations of Sections 11 & 15(a)(5) of the FLSA—Failure to Make & Keep Records*

22. The Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

23. Defendants failed to keep true and accurate records of the hours that each of their employees worked in violation of Section 11 of the FLSA, 29 U.S.C. § 211, and the regulations thereunder, specifically 29 C.F.R. Part 516.

## PRAYER FOR RELIEF

Throughout the period covered by this Complaint, Defendants violated the aforesaid provisions of the FLSA as alleged. WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants as follows:

1. For an order pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from prospectively violating the FLSA, including Sections 7, 11, 15(a)(2), and 15(a)(5), 29 U.S.C. §§ 207, 211, 215(a)(2), and 215(a)(5);

2. For an order pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), holding Defendants liable for unpaid back wages found due to Defendants' employees listed in Exhibit

A, plus liquidated damages equal in amount to the unpaid compensation found due. Additional amounts of back wages and liquidated damages may be owed to certain employees listed in Exhibit A for violations continuing after February 5, 2021, and may be owed to certain employees presently unknown to the Secretary who may be identified during this litigation and added to Exhibit A;

3. For an order pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from withholding the amount of overtime compensation found due to Defendants' employees;

4. In the event liquidated damages are not awarded, an order awarding prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

5. Awarding the Secretary the costs of this action; and

6. Granting such other and further relief as may be necessary and appropriate.

    Respectfully submitted,

    Elena S. Goldstein
    Acting Solicitor of Labor

    Maia S. Fisher
    Regional Solicitor

    /s/ Mark A. Pedulla
    Mark A. Pedulla
    Wage and Hour Counsel
    MA BBO No. 685925
    pedulla.mark.a@dol.gov

    Theresa Schneider Fromm
    Senior Trial Attorney
    MA BBO No. 569240
    fromm.theresa@dol.gov

United States Department of Labor
Attorneys for Plaintiff

U.S. Department of Labor
Office of the Solicitor
JFK Federal Building, Room E-375
Boston, Massachusetts 02203

Telephone: (617) 565-2500
Facsimile: (617) 565-2142

Date: July 15, 2021