UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>CAPONE BROS., INC., and CHARLES L. CAPONE,<br><br>Defendants. | Civil Action No. 21-10585 |

## CONSENT JUDGMENT AND ORDER

Plaintiff Secretary of Labor, United States Department of Labor (the "Secretary"), has filed a Complaint in this case under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA" or "Act"). Defendants Capone Bros., Inc. and Charles L. Capone were served with the Complaint on April 13, 2021 and answered the Complaint on May 19, 2021.

The Court concludes that it has jurisdiction to enter this Consent Judgment and Order (the "Consent Judgment"), and the Secretary and Defendants agree to its terms:

It is therefore ORDERED, ADJUDGED, and DECREED that:

1. Defendants Capone Bros, Inc. and Charles Capone, and their agents, servants, and employees, and those persons in active concert or participation with Defendants, are permanently enjoined and restrained from violating the provisions of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3). Among other prohibited acts of retaliation, Defendants and any other persons subject to this permanent injunction shall not:

    a. Harass or intimidate any employee or any former employee for purposes of inhibiting any employee or former employee's rights under the Act;

1273231v1

    b.    Make threats to any employee or any former employee for purposes of inhibiting any employee or former employee's rights under the FLSA;

    c.    Ask any employee or former employee to disclose whether the employee or former employee has communicated or will communicate with the United States Department of Labor, or whether the employee or former employee has otherwise engaged in protected activity under the Act; or

    d.    Obstruct or interfere with any investigation by the Secretary under the FLSA.

2.    Further, the Court orders, based on an agreement between the Secretary and Defendants, that Defendants will pay $75,000.00 in punitive damages, plus any applicable interest, under Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3). Defendants shall pay said punitive damages, plus any applicable interest, to the Secretary according to the terms set forth herein. The Secretary shall then distribute those punitive damages to the affected employees and affected former employee(s) in this case.

3.    The punitive damages provisions of this Consent Judgment shall be deemed satisfied when Defendants deliver to the Secretary the total amount of $75,000.00 in punitive damages.

4.    Defendants neither admit nor deny the allegations in the Complaint.

5.    Defendants shall make payments required by this Consent Judgment in accordance with the amounts and due dates set out in the attached Exhibit 1, which is incorporated in and made part of this Consent Judgment, with the first payment being made on or before January 15, 2022.

6.    Defendants may make the punitive damages payments required by this Consent Judgment online by ACH transfer, credit card, debit card, or digital wallet by going to

1273231v1

https://pay.gov/public/form/start/77689032 or by going to http://www.pay.gov and searching for WHDBWNE. Alternatively, payments made be made in the form of certified checks made payable to "Wage and Hour Division—Labor," and delivered to the United States Department of Labor, Wage and Hour Division, 1835 Market Street, 19th Floor, Philadelphia, Pennsylvania 19103-2968, Attn: William Schweizer. Any certified check shall have Case No. 1923395 written on the face of the certified check.

7. In the event Defendants fail to make payment within ten days of any payment being due under this Consent Judgment, Defendants consent to the entry of a Writ of Execution, pursuant to Rule 69 of the Federal Rules of Civil Procedure, to enforce the monetary terms of this Consent Judgment. Such a writ of execution shall be limited to the pending balance of the Defendants' monetary obligations under this Consent Judgment at the time such writ is issued. The Secretary may represent in filing for such a writ that Defendants consent to its issuance. Upon request from the Secretary, Defendants agree to furnish a complete and accurate list of their real, personal, and business property with an estimated value of $2,000.00 or more and the locations of such property for purposes of the Secretary seeking a Writ of Execution in accordance with this Paragraph of the Consent Judgment.

8. Defendants shall not, in any way, solicit, demand, accept, or keep any amount paid or payable to any employee or former employee under this Consent Judgment, or in any manner attempt to recover or otherwise influence any employee or former employee to forfeit any amounts paid to such employee or former employee in connection with this Consent Judgment. In the event any such amount is received from any employee or former employee, Defendants shall immediately remit such amount to the United States Department of Labor at the Philadelphia, Pennsylvania address set forth above.

1273231v1

9. Defendants represent that, to the best of their knowledge and following diligent review and inquiry, Defendants have been in compliance with the Act, as interpreted by the Secretary, since June 10, 2021. In entering this Consent Judgment, the Secretary has relied on the truth of this representation. If this representation is determined to be false, and Defendants are found to be in violation of the Act, additional damages may be owed and other relief may be appropriate.

10. Defendants shall not fail to cooperate with the United States Department of Labor in any investigation conducted pursuant to Section 11(a) of the FLSA, 29 U.S.C. § 211(a). Defendants shall provide truthful responses and other information and documents to the United States Department of Labor. Nothing contained in this Consent Judgment, including the requirement to cooperate as set forth in this Paragraph, abrogates Defendants' rights under the United States Constitution.

11. Nothing in this Consent Judgment precludes the Secretary from using evidence discovered in the investigation that led to the Complaint in this matter in any future investigation, enforcement action, or legal action.

12. Nothing in this Consent Judgment precludes the Secretary from bringing any enforcement action against Defendants for any violation of the FLSA not specifically set forth in the Secretary's Complaint in this case.

13. Each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

1273231v1

SO ORDERED, this 12th day of October, 2021.

_____
F. Dennis Saylor IV
Chief Judge
United States District Court

********************

| FOR DEFENDANTS CAPONE BROS., INC., AND CHARLES L. CAPONE: | FOR THE SECRETARY: |
|---|---|
| /s/ Matthew L. Feeney<br>Matthew L. Feeney, Esq.<br>Murphy, Hesse, Toomey & Lehane, LLP<br>300 Crown Colony Drive, Suite 410<br>Quincy, MA 02169<br>Tel: (617) 479-5000<br>mfeeney@mhtl.com<br>BBO No. 660011 | Seema Nanda<br>Solicitor of Labor<br><br>Maia S. Fisher<br>Regional Solicitor<br><br>Mark A. Pedulla<br>Counsel for Wage & Hour<br><br>/s/Theresa Schneider Fromm<br>Theresa Schneider Fromm<br>Senior Trial Attorney<br>fromm.theresa@dol.gov<br>MA BBO No. 569240 |
| Dated: September 30, 2021 | U.S. Department of Labor<br>Attorneys for Plaintiff<br>Post Office Address:<br>JFK Federal Building—Room E-375<br>Boston, Massachusetts 02203<br>TEL: (617) 565-2500<br>FAX: (617) 565-2142<br><br>Dated: September 30, 2021 |

5

1273231v1

# EXHIBIT 1

## Payment Schedule

| Amount | Due Date |
| --- | --- |
| $10,000.00 | January 15, 2022 |
| $10,000.00 | February 15, 2022 |
| $10,000.00 | March 15, 2022 |
| $10,000.00 | April 15, 2022 |
| $10,000.00 | May 15, 2022 |
| $10,000.00 | June 15, 2022 |
| $10,000.00 | July 15, 2022 |
| $5,000.00 | August 15, 2022 |
| | |
| | $75,000.00   TOTAL |